UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCELLA DIVIACCHI, Individually and on Behalf of Similarly Situated Persons, <br><br> Plaintiff, <br><br> v. <br><br> AFFINION GROUP, INC., d/b/a AFFINION BENEFITS GROUP LLC, AFFINION GROUP, and AFFINION GROUP HOLDINGS INC., Individually, CENTURY BANK & TRUST COMPANY, Individually and as Class Representative of Similarly Situated Entities, <br><br> Defendants. | Civil Action No. 14-cv-10283-IT |

ORDER

June 4, 2015

TALWANI, D.J.

After reviewing the March 11, 2015 Report and Recommendation [#36] (the "Opinion") of Magistrate Judge Bowler (the "Magistrate Judge"), and Defendants' Objections to Magistrate Report and Recommendation [#37], this court hereby ACCEPTS and ADOPTS the Report and Recommendation.

As to Defendants' objections that the Magistrate Judge erred in finding that all of Plaintiff's claims are not barred by the applicable statutes of limitations, the court first notes that the Magistrate Judge dismissed Plaintiff's claim for fraud (Count III) on statute of limitations grounds. See Report & Recommendation 30-34, 47 [#36]. On de novo review, the court rejects Defendants' statutes of limitations objections as to the claims for violation of the Electronic

Funds Transfer Act, conversion, violation of Chapter 93A of the Massachusetts General Laws, and unjust enrichment and money had and received for the reasons set forth by the Magistrate Judge at pages 13-25, 27-29, 34-35, 35-37 of the Opinion, respectively.

With regards to Defendants' objections that the Magistrate Judge failed to consider their arguments that Plaintiff's fraud-based claims failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and that Plaintiff failed to plausibly allege fraud or deception, the court finds such arguments unavailing. As stated, Plaintiff's claim for fraud is dismissed on statute of limitations grounds. Plaintiff's claims for conversion, unjust enrichment, and money had and received are contract-, not fraud-based claims. And Plaintiff's Chapter 93A claim is grounded in Defendants' alleged violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* Accordingly, as set out in the Opinion, these claims (except for fraud) survive dismissal despite Defendants' fraud-based arguments.

Moreover, with respect to Defendants' arguments that the claims for unjust enrichment and money had and received should be dismissed because Plaintiff has an adequate remedy at law, the court accepts and adopts the Magistrate Judge's reasoning at pages 38-40 of the Opinion.

Lastly, as concerns Defendants' argument that the claims are barred by the *Pederson* Settlement Agreement, the court accepts and adopts the Magistrate Judge's reasoning at pages 43-47 of the Opinion.

For the reasons set forth in the Report and Recommendation, this court hereby orders that Defendants' Joint Motion to Dismiss [#12] is hereby ALLOWED IN PART AND DENIED IN PART. The motion to dismiss is denied except as to Count III and Count VIII, which are dismissed with the caveat that paragraphs 103a and 105 shall be included in the Prayer for Relief

of the Amended Complaint [#9].

    IT IS SO ORDERED.

Date: June 4, 2015                                                               /s/ Indira Talwani
                                                                                              United States District Judge